## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY BANOVZ, Inmate #61844,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07-688-JPG |
| | ) |
| **JOSEPH GULASH,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2) together with a civil action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff also filed a motion for appointment of counsel (Doc. 3).

With regard to Plaintiff's motion to proceed *in forma pauperis* (Doc.2), Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

With regard to Plaintiff's motion to appoint counsel (Doc. 3), the Court notes that it has not yet finished performing a threshold review of the complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and (b). Furthermore, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).

The determination whether to appoint counsel is to be made by considering whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). Because

it is not clear that the complaint will survive a threshold review and a cursory review of the complaint and other pleadings indicates that Plaintiff appears to be capable of representing himself in this matter, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED**. If the complaint survives threshold review, then Plaintiff may resubmit his motion for appointment of counsel, if he believes counsel is necessary.

**IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: November 9, 2007.**

    **s/ J. Phil Gilbert**
  **U. S. District Judge**